Adel SAYEGH, Plaintiff—Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY; Met Disability; Metropolitan Life Insurance Company Employee Welfare Benefit Plan, Defendants—Appellees.

No. 00–56007.

D.C. No. CV–99–04798–AN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Withdrawn from Submission
Feb. 26, 2002.

Submitted April 8, 2002.

Decided April 19, 2002.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM *

Appellant ("Sayegh") appeals the decision of the district court granting summary judgment to appellees ("Metropolitan"). The district court upheld Metropolitan's denial of Sayegh's claim for long term disability benefits under Metropolitan's plan, which is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (ERISA). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand to the district court with instructions to grant Sayegh benefits due.

We review *de novo* the district court's choice of the standard of review and its application of that standard to decisions by fiduciaries in the ERISA context. *Lang v. Long–Term Disability Plan Of Sponsor Applied Remote Tech., Inc.*, 125 F.3d 794, 797 (9th Cir.1997). In this case, however, the plan administrator pays claims out of

---

its own assets and thereby operates under an inherent conflict of interest. *Id.* When an inherent conflict of interest exists, the affected beneficiary is given the opportunity to produce material, probative evidence tending to show that the fiduciary's self interest caused a breach of duty to the beneficiary. *Id.* at 797–98. If the beneficiary produces such evidence and the plan administrator fails to rebut the evidence, the decision of the fiduciary to deny or terminate benefits is reviewed *de novo.* *Id.* at 798.

A plan administrator's decision to reject the opinions of the claimant's treating physicians may constitute material, probative evidence that the plan's "apparent conflict of interest has ripened into an actual, serious conflict, thereby permitting the court to engage in *de novo* review." *Regula v. Delta Family–Care Disability Survivorship Plan,* 266 F.3d 1130, 1147 (9th Cir. 2001). The plan may rebut this evidence by showing that its decision was supported by specific, legitimate reasons that are based on substantial evidence in the record. *Id.* Where the plan rejects the opinions of the claimant's treating physicians based on the contrary opinions of a non-examining physician, the opinion of the non-examining physician may serve as substantial evidence if it is supported by other evidence in the record and is consistent with the evidence in the record overall. *Id.* at 1140.

Here, Sayegh's treating internist, Dr. Amin, diagnosed Sayegh with severe depression resulting in total disability. His treating psychiatrist, Dr. Zinke, also diagnosed Sayegh with severe depression. Dr. Zinke stated that Sayegh was not able to continue at work because of severe impairment in concentration, continuing thoughts of suicide, marked decrease in level of energy, intense social withdrawal, and social avoidance. Metropolitan rejected Dr.

Zinke's diagnosis based on the conclusions of Metropolitan's retained non-examining physicians, Dr. Slack and Dr. Bertrand, who describe themselves as providers of "evidence-based medical reports."

Metropolitan's non-examining physicians stated that Sayegh's medical records did not support a determination of disability. They stated further that "the only indication of psychiatric illness and impairment is a brief letter from Dr. Zinke." They also indicated that no mental status examination was reported, and that a DSM–IV Axis V Global Assessment of Functioning "should be used" to "avoid strictly subjective, idiosyncratic, ex cathedra pronouncements about the claimant's functional impairment and the need for future treatment."

If any idiosyncratic pronouncements appear in this record, they would be those of Drs. Slack and Burton, not Sayegh's treating physicians. The record shows that Dr. Zinke did submit a brief letter as the non-examining physicians state. However, he also submitted a four-page report and a separate one-page fax. These documents contained both past and present DSM–IV Axis V Global Assessment of Function results, DSM–IV Axis I, Axis II, Axis III, and Axis IV observations, and results of a mental status examination, as well as notations regarding prescribed medications. Dr. Zinke addressed Sayegh's suicidal state, and his notes indicate serious concern over Sayegh's report of borrowing a gun and bullets. The non-examining physicians do not even mention, let alone address in a meaningful way, any of this information.

We conclude that the opinions of the non-examining physicians in this case are not supported by other evidence in the record and are not consistent with the evidence in the record overall. Therefore they may not serve to rebut the material,

probative evidence that Metropolitan breached its fiduciary duty to Sayegh by disregarding the opinions of his treating physicians. *Regula*, 266 F.3d at 1140. Our review, then, is *de novo.*

On the record before us, as summarized above, we conclude that Sayegh has established his disability and is entitled to benefits under the terms of the plan. On this record, we also reject any contention that Sayegh did not qualify for benefits for lack of being under the care of a physician. The record reveals that Sayegh made numerous visits to doctors and emergency rooms in 1994 and 1995, and his doctors prescribed him medication for depression. We REVERSE and REMAND with instructions to the district court to grant benefits due.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.